IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KRISTEN GUNSAY,
   *Plaintiff*,

v.

BONNEVILLE INTERNATIONAL
CORP, et al.,
   *Defendants*.

Civil Action No. ELH-13-02511

**MEMORANDUM OPINION**

In this matter, the Court must determine whether this case was timely removed from state court to federal court.

On or about April 18, 2012, Kristen Gunsay, plaintiff, filed suit in the Circuit Court for Baltimore City, raising state law tort claims against eight defendants. ECF 2 ("Original Complaint"). Plaintiff's Amended Complaint (ECF 7, "Am. Compl."), filed on August 1, 2013, omitted five defendants named in the Original Complaint but retained three: Bonneville International Corporation ("Bonneville"), Deseret Digital Media, Inc. ("DDM"), and Deseret Management Corporation ("DMC"). *See* Am. Compl. at 1. The Amended Complaint also referenced an additional entity, Deseret News Publishing Company ("DNPC"), which had not been named in the Original Complaint. *See, e.g.*, *id.* ¶¶ 3-5, 8-9.[1]

On August 28, 2013, DNPC filed a Notice of Removal (ECF 1), to which Bonneville, DDM, and DMC all consented. *Id.* ¶ 42; *see also* ECF 16 (Notice of Consent to Removal). In the Notice of Removal, DNPC asserted that it was named as a defendant in the Amended

---

[1] Plaintiff was self-represented at the outset of the suit but obtained counsel prior to filing the Amended Complaint. *See* Am. Compl. at 16.

Complaint, and therefore it was entitled, pursuant to 28 U.S.C. § 1446(b)(2)(B), to remove the case to federal court within 30 days of receipt of the Amended Complaint. *See* ECF 1 ¶¶ 17-20. On September 3, 2013, plaintiff filed an "Emergency Motion to Strike Notice of Removal and Opposition to Removal of State Court Case and Request for Immediate Remand" ("Motion to Remand," ECF 23), supported by numerous exhibits, in which she argued, *inter alia*, that DNPC was not named as a defendant in the Amended Complaint, and thus removal was improper. In the Motion to Remand, plaintiff relied on 28 U.S.C. §§ 1446(b) and (c), among other authorities. *See* ECF 23 ("Mot.") at 1-2.[2]

The propriety of the removal turns on whether DNPC was added as a party defendant in the Amended Complaint, thus allowing removal to federal court where it would otherwise be untimely. The issue has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6.[3] For the reasons that follow, I conclude that DNPC was not added as a defendant and thus removal was improper. Accordingly, I will grant plaintiff's Motion to Remand and remand the case to the Circuit Court for Baltimore City.

---

[2] Although DNPC states that it has construed plaintiff's motion as a motion to remand, it argues that the filing is an improper vehicle for challenging a notice of removal, as plaintiff "must move to remand to state court." *See* ECF 53 at 2 & n.1. Plaintiff's motion is clearly a motion to remand. Among other things, the title expressly identifies the motion as a "Request for Immediate Remand." *See* ECF 23 at 1. Moreover, the content and substance of the motion make clear that plaintiff seeks a remand.

[3] In particular, I have reviewed plaintiff's Motion to Remand (ECF 23), defendants' Opposition to plaintiff's Motion to Remand (ECF 53, "Opp."), and plaintiff's Reply (ECF 54, "Reply"). For simplicity, I refer collectively to the four entities that sought removal and now oppose remand—Bonneville, DDM, DMC, and DNPC—as "defendants," recognizing that DNPC's status as a defendant is in dispute.

## Background[4]

As noted, on or about April 18, 2012, plaintiff filed her Original Complaint, pro se, against eight defendants, raising various state law claims, including defamation, intentional infliction of emotional distress, and false light invasion of privacy. *See* ECF 1. Those eight defendants included Bonneville, DDM and DMC. *See* ECF 7 at 1. The five other entities sued in the Original Complaint were KSL Broadcast group, KSL Radio 1160, KSL TV, KSL NewsRadio, and Deseret News Corporation, ECF 1 at 1. On or about July 15, 2013, defendants Bonneville, DDM, and DMC moved to dismiss, arguing that the other parties listed as defendants are not, in fact, separate legal entities capable of being sued. *See* ECF 6-1, at 1-3 (Memorandum of Law in Support of Defendants' Motion to Dismiss).

Plaintiff did not oppose dismissal of the five entities. Instead she amended her complaint. In doing so, plaintiff did not include the five entities initially named as defendants, but again sued Bonneville, DDM, and DMC. *See* Amended Complaint, ECF 7 at 1. The Amended Complaint also added references to DNPC. *See, e.g.*, Am. Compl. ¶¶ 3-5, 8-9 (discussing DNPC).[5] The Amended Complaint again raised state law claims of defamation and invasion of privacy arising from news reports aired in April 2011 on television and radio, and reported in print, allegedly stating that plaintiff had kidnapped her daughter in connection with a custody dispute. *See generally* Am. Compl. ¶¶ 19-21, 27-60. In particular, plaintiff alleged that DMC

---

[4] For the purpose of this Memorandum Opinion, it is unnecessary to recount fully plaintiff's allegations in her suit.

[5] On August 19, 2013, plaintiff filed a Second Amended Complaint (ECF 8) which differed from the Amended Complaint only in the amount of damages requested. *See* ECF 8-1 (Redline of Amended Complaint and Second Amended Complaint). For convenience, I refer here only to the Amended Complaint, which is the relevant pleading for purposes of the remand analysis.

owned and operated three subsidiaries, Bonneville, DDM, and DNPC, and "managed and supervised an 'integrated news room' " that developed content for television, radio, print, and internet news outlets, including the outlets that disseminated the allegedly defamatory story. *See id.* ¶¶ 3, 6, 19-22.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), DNPC filed a Notice of Removal on August 28, 2013, ECF 1, with the consent of Bonneville, DDM, and DMC. *Id*. ¶ 42; *see also* ECF 16 (Notice of Consent to Removal). The parties agree that, from the outset, this case could have been filed in federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Mot. at 10; Opp. at 3 (citing ECF 1 ¶¶ 27-35). Specifically, plaintiff is a Maryland citizen, while Bonneville, DDM, DMC, and DNPC are all incorporated in Utah and maintain their principal places of business there, and the amount in controversy exceeds $75,000. *See id.*

In response to the Notice of Removal, plaintiff filed a timely motion to remand on September 3, 2013. ECF 23; *see* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"). In her Motion to Remand, plaintiff argues that she did not sue DNPC. She points, *inter alia*, to the caption of the Amended Complaint, which omits any reference to DNPC; the way in which the Amended Complaint describes a variety of entities, including DNPC; and the parties' conduct. *See* Mot. at 2-9. Even if DNPC were a named defendant, plaintiff maintains that the failure of the three original defendants to remove the action when they were first sued now precludes removal. *Id.* at 9-14. Plaintiff also portrays defendants' removal as part of an improper effort to delay trial in state court. *See id.* at 14-19.

For their part, defendants argue that the Amended Complaint explicitly names DNPC as one of the defendants. Opp. at 3 (citing ECF 7 ¶ 5 (Amended Complaint) and ECF 8 ¶ 5 (Second Amended Complaint)). Although DNPC is not named in the caption of the Amended Complaint, defendants insist that the allegations of the Amended Complaint make clear that plaintiff intended to add DNPC as a party. Opp. at 4-19, 21-26. Further, they maintain that, to the extent plaintiff seeks to hold DMC liable as a parent corporation for the actions of its subsidiary, DNPC, the latter is a necessary and indispensable party. *Id*. at 19-21. Defendants also argue that removal was timely and that the one-year limitation on removal set forth in 28 U.S.C. § 1446(c) does not apply here, because this case was subject to removal when it was first filed. *Id.* at 26-35. Moreover, defendants assert that plaintiff cannot drop DNPC as a defendant to block removal. *Id.* at 38-41.[6]

Additional facts are included in the Discussion.

**Discussion**

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). In particular, a federal court "should construe removal statutes narrowly, [with] any doubts . . . resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc)

---

[6] Defendants also dispute plaintiff's characterization of the procedural history of this litigation, including the discovery disputes. *See id.* at 41-48.

(abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)).

Under the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). With respect to cases removed to federal court from state court, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

"Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Under 28 U.S.C. § 1446(b)(2)(C), "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." If a case is not removable from its inception, removal is still proper within 30 days of the defendant's receipt of the pleading or other filing "from which it may first be ascertained that the case is one which is or has become removable." *See id*. § 1446(b)(3). Nevertheless, such a case (i.e., one that is not removable at its inception), cannot be removed more than one year after the action was commenced. *Id.* § 1446(c).

I conclude that plaintiff did not add DNPC as a defendant when it filed the Amended Complaint and that removal was thus improper. *See* 28 U.S.C. § 1446(b)(2)(B) (barring removal more than 30 days after the last defendant is served or receives the initial pleading). Accordingly

I need not reach the parties' other arguments, including plaintiff's claim that, in any event, a one-year limit on removal barred removal.

## A.   DNPC as a named defendant

In order to determine "whether an entity has properly been made a party to a lawsuit," a court generally considers "the caption, pleadings, service of process and other indications of the intent of the pleader[.]" *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.N.Y. 1995). *Accord District Council 1707 Local 389 Home Care Employees' Pension and Health and Welfare Funds v. Strayhorn*, No. 11 Civ. 7911, 2013 WL 1223362, at *2 n.3 (S.D.N.Y. 2013); *E.E.O.C. v. International Ass'n of Bridge, Structural and Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001).

Fed. R. Civ. P. 10(a) requires every pleading to have a caption that includes, among other things, a title that "must name all the parties" to the action. Nevertheless, "the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *Nationwide Mut. Ins. Co.*, 896 F. Supp. at 109; *see also Eisenstein v. City of New York, NY*, 556 U.S. 928, 935, 129 S.Ct. 2230 (2009) ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action."); *Deabreu v. Novastar Home Mortg., Inc.*, --- Fed. Appx. ----, 2013 WL 3929096, at *1 (4th Cir. July 31, 2013) (citing *Eisenstein*, 556 U.S. at 935, and concluding that entity named in complaint nevertheless was not a party).

Numerous aspects of the Amended Complaint indicate that plaintiff intended to file suit against three—and only three—defendants, all of which had already been sued: Bonneville, DDM, and DMC. The caption to plaintiff's Amended Complaint names three entities as

defendants: "Bonneville International Corporation," "Deseret Digital Media, Inc.," and "Deseret Management Corporation." Am. Compl. at 1. DNPC is not listed. *Id.* Nor does plaintiff use the term "et al.," a common legal abbreviation for the Latin words "et alii" or "et alia," meaning "and other persons," the inclusion of which would have signaled an intention to incorporate defendants beyond the three that were named. *Id.*; *see* Black's Law Dictionary 632 (9th ed. 2009). Although the caption is merely one factor, the inclusion of these three parties in the caption, and the omission of DNPC, suggest that plaintiff did not intend to add DNPC as a defendant. *See Nationwide Mut. Ins. Co.*, 896 F. Supp. at 109.[7]

The preamble is also relevant, and it only mentions Bonneville, DDM, and DMC. Am. Compl. at 1 ("Plaintiff . . . hereby sues Bonneville International Corporation ('Bonneville'), Deseret Digital Media ('DDM'), and Deseret Management Corporation ('DMC'), and seeks compensatory and punitive damages . . . ."). Significantly, DNPC is not identified as a "Defendant" at the beginning of the paragraph in the "Parties" section in which it is introduced. *Compare* Am. Compl. ¶ 7 ("*Defendant* Bonneville is a news broadcast corporation…") *and* ¶ 8 ("*Defendant* DDM is a news broadcast corporation…") *with* ¶ 9 ("D[N]PC is a news broadcast corporation with its principle place of business in Salt Lake City, Utah, and is 100% owned and controlled by *Defendant* DMC.") (emphasis added). Moreover, the prayer for damages, found in the document's last paragraph, omits any reference to DNPC. *Id.* at 15 ("WHEREFORE, Plaintiff Kristen Gunsay brings this action against Defendants Deseret Management Company, Bonneville International and Deseret Digital Media, Inc., jointly and severally, and seeks damages . . . ."). The Demand for Jury Trial (ECF 7 at 18) is to the same effect. Mot. at 3-4.

---

[7] Although plaintiff filed the Original Complaint without counsel, the caption expressly listed all eight of the intended defendants. Original Complaint (ECF 2) at 1.

To be sure, the Amended Complaint is not completely devoid of suggestion that plaintiff intended to include DNPC as a defendant. The document mentions "DMPC" [sic] several times; based on the context, "DMPC" was intended to refer to DNPC. *See* Am. Compl. ¶ 8-9; *see also* Def. Opp. at 11 n.3 (acknowledging that "DMPC" was meant to refer to DNPC). One such reference states that "employees of *Defendant DMPC* acted as actual or apparent agents, servants and or employees for DMC, Bonneville and DDM." *Id.* ¶ 9 (emphasis added). However, there is no other use of the phrase "Defendant DNPC" in the entire Amended Complaint, which is about sixteen pages in length. In several other instances, the word "Defendant" or "Defendants" precedes a list of entities that ends with DNPC. *See id.* ¶ 3-5. There, however, it is not entirely clear which terms the word "Defendant" or "Defendants" was intended to modify.

Furthermore, plaintiff's conduct does not reflect an intention to add DNPC as a defendant. *See Nationwide Mut. Ins. Co.*, 896 F. Supp. at 109. Significantly, plaintiff took no steps to serve DNPC after filing the Amended Complaint. Mot. at 6. As defendants acknowledge, Opp. at 4, a court "is not required to leave its common sense behind" when evaluating a complaint's allegations to determine jurisdiction. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). Taken as a whole, the Amended Complaint does not reflect any indication that plaintiff intended to add DNPC as a party.

**B.   DNPC as a necessary and indispensable party**

Defendants also argue that, "[t]o the extent Plaintiff seeks to hold Deseret Management Corporation [DMC], the parent corporation, liable for the acts of its subsidiary, Deseret News Publishing Company (DNPC), that subsidiary is a necessary and indispensable party." Opp. at

19-21. Plaintiff does not seek to hold DMC responsible only for the actions of DNPC. Rather, the Amended Complaint raises allegations about DMC's own conduct, stating:

> DMC managed and supervised an "integrated news room" responsible for development of news programming for DMC's multiple platforms of radio, television, print and on-line content. One DMC publication dated January 4, 2011, for example, trumpets the virtues of "DMC's integrated newsroom" whose director is at once responsible for overseeing the content of news broadcast and publishing while also maintaining her "current duties within the DMC corporate offices." At all relevant times, DMC's integrated newsroom employees were responsible for overseeing the newsgathering and reporting process, and also reported directly to DMC's CEO who exercised supervisory control over DMC's integrated newsroom.

*Id.* ¶ 6. In other words, according to plaintiff's allegations, DMC was not simply a passive owner. Instead, it was involved in developing the purportedly defamatory news content.

Accordingly, the cases defendants cite, in which a plaintiff seeks to hold a parent company liable only for the acts of its subsidiary, are inapposite. *See, e.g.*, *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) (subsidiary "should have been joined as an indispensable party" where plaintiffs sought "to impose liability on [the parent] not for its own acts, but for those of" the subsidiary); *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001) ("when a plaintiff seeks to hold a parent company liable for the conduct of the parent's subsidiary, the subsidiary is a necessary and indispensable party under Rule 19").

It is also worth noting that, despite defendants' claim that DNPC is a necessary party, defendants did not move to add DNPC as a party before a deadline set by the Circuit Court for Baltimore City. *See* ECF 78 (setting deadline of June 22, 2013, for addition of parties). *See* Pla. Reply at 4. Nor is there merit to defendants' somewhat circular suggestion that plaintiff,

recognizing that DNPC was a necessary party, added it as a defendant. *See* Def. Opp. at 19-20.[8]

To the contrary, the Amended Complaint and plaintiff's conduct do not evidence an intention to make DNPC a defendant in this case.[9]

**Conclusion**

For the foregoing reasons, I conclude that removal was improper. Accordingly, pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the Circuit Court for Baltimore City. An Order implementing this ruling follows.

Date: October 11, 2013                                /s/
                                                     Ellen L. Hollander
                                                     United States District Judge

---

[8] Defendants mischaracterize plaintiff's explanation as to why she added allegations regarding DMC and DNPC. *See* Opp. at 20-21 (citing Mot. at 6 n.4). Specifically, in the footnote defendants cite, plaintiff explains that she supplied additional allegations regarding DMC (not DNPC) in response to defendants' argument that DMC could not be held liable. *See* Mot. at 6 n.4.

[9] Plaintiff also maintains that, even if DNPC were a named defendant, removal was improper because it occurred more than one year after this case was first filed. Mot. at 9-15. Although I need not reach that issue because I find that plaintiff did not add DNPC as a defendant, that argument would appear to lack merit. The parties agree that this case was removable from its inception, *see* Mot. at 10; Opp. at 3, and the one-year limitation found in 28 U.S.C. § 1446(c) only applies to cases that were not removable when first filed. 28 U.S.C. § 1446(b)(3); *see, e.g.*, *Powell ex rel. Powell v. SmithKline Beecham Corp.*, Civil Action No. 13–3693, 2013 WL 5377852, *2 (E.D. Pa. Sept. 26, 2013) (the "one-year time limit on removing diversity cases applies only to cases that are not initially removable"); *Franklin v. Codman & Shurtleff Inc.*, No. 3:12–CV–4994–D, 2013 WL 1809533, at *2 (N.D. Tex. Apr. 30, 2013) ("Because it is undisputed that this case was removable when filed initially, the one-year deadline prescribed by § 1446(b) does not apply.).